IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A MOUNTAIN PROFESSIONAL
CONSTRUCTION, LLC,                          Case No.: 2:17-cv-01158

    Plaintiff,

v.

ARBORUNDA, INC.,

    Defendant.

## NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §1446(a) and §1441(a), Defendant respectfully files this Notice of Removal to this Court of the above captioned action pending in the Third Judicial District for the State of New Mexico, Dona Ana County. In support thereof, Defendant states the following.

1. On November 21, 2017, Plaintiff filed its Complaint against Defendant, styled *A Mountain Construction, LLC v. ARborunda, Inc.*, D-307-CV-2017-03776.

2. The operative complaint originally filed in the Third Judicial District alleges injuries arising from a purported breach of contract for work on the White Sands Missile Range ("WSMR"). *See* Complaint, Exh. A, Exh. 1 attached hereto [contract attached to filed Complaint]; ¶¶25-26 [alleging breach of contract]. The contract states the "Job Location" is the "White Sands Missile Range[.]" Complaint, Exh. A, Exh. 1, pg. 3.

3. A true and correct copy of Complaint and other documents served on the Defendants is attached hereto as **Exhibit A**.

4. Plaintiff's claims arise under federal law because they involve events that occurred on WSMR, which is a federal enclave under the exclusive jurisdiction of the United States. By operation of the federal enclave doctrine, this Court has original jurisdiction over this case.

5. "The Constitution empowers Congress to exclusively regulate properties acquired from state governments." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012)("*Allison*").

6. Congress has the power "[t]o exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]" U.S. Const. art I, § 8, cl. 17. "Thus, when 'the United States acquires with the 'consent' of the state legislature land within the borders of that State . . . the jurisdiction of the Federal Government becomes 'exclusive.'"" *Allison*, 689 F.3d at 1236 (*citing Paul v. United States*, 371 U.S. 245, 264 (1963)). Such property—such as the WSMR—becomes a "federal enclave." *Allison*, 689 F.3d at 1236.

7. The WSMR is a federal enclave. *See, e.g., Ramos v. C. Ortiz Corp.,* 2016 U.S. Dist. Lexis 66638 at 8 (D.N.M. May 20, 2016). Therefore, "[t]he United States has power and exclusive authority 'in all Cases whatsoever'" arising out of WSMR. *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (*citing* U.S. Const. art. I, § 8, cl 17).

8. Federal enclave jurisdiction is a form of federal question jurisdiction. *See Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994). Congress' exclusive jurisdiction over

federal enclaves means "the laws and statutes applied to these locations must be supplied by the federal government, not the states." *Allison*, 689 F.3d at 1236 (*citing Pac. Coast Diary v. Dep't of Ag. Of Cal.*, 318 U.S. 285, 294 (1943).

9. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and this action is properly removable under 28 U.S.C. §1441(a).

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within thirty (30) days after Defendant being served with the Complaint. Defendant was served with the Complaint on November 21, 2017. This Notice of Removal is therefore timely filed.

11. Pursuant to 28 U.S.C. §1446(d), Defendant is serving this Notice of Removal to counsel for Plaintiff (Raul Carrillo and Steven Jones) and filing it with the Clerk of the Third Judicial District Court, Doña Ana County, Las Cruces, New Mexico with a Notice of Filing of Notice of Removal. A copy is attached hereto as Exhibit B.

12. Defendant respectfully requests this Court assume jurisdiction over this action as provided by law.

Dated: November 22, 2017.               Respectfully Submitted,

                                        By: */s/ Ben Furth*
                                            Ben Furth (Bar No. 121402)
                                            Paul Darby Hibner (Bar No. 145573)
                                            The Furth Law Firm, P.A.
                                            780 South Walnut, Building No. 5
                                            Las Cruces, New Mexico 88001
                                            Telephone:(575)-522-3996
                                            Facsimile:575-532-5815

                                        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE AND MAILING**

I, Ben Furth hereby certify that I or my agent certified electronically served this document to plaintiff's counsel, Raul Carrillo and Steven Jones.

*/s/ Ben Furth*
Ben Furth