UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A MOUNTAIN PROFESSIONAL
CONSTRUCTION, LLC,

      Plaintiff,

v.                                                                                                                          No. 17-cv-1158 RB-CG

ARBORUNDA, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Raul A. Carillo, Jr. and Steven E. Jones's Motion to Withdraw as Counsel to Plaintiff (Doc. 44) and Plaintiff's Motion to Stay Case Pending Assignment of New Counsel (Doc. 45). For the reasons stated below, the Court will **DISMISS** this case **without prejudice**; **DENY as moot** Plaintiff's Motion to Stay Pending Assignment of New Counsel; and **GRANT** Plaintiff's counsel's Motion to Withdraw.

### I.    Procedural Background

On July 24, 2018, the Court granted Plaintiff's request for an extension of time to amend its Second Amended Complaint. (Doc. 43 at 1.) In granting the extension, however, the Court explicitly warned Plaintiff that "if it does not file its motion to amend by July 27, 2018, this Court will consider that failure a lack of desire to pursue its case, and the case will be dismissed." (*Id.*) Plaintiff did not file an amended complaint by the deadline, but instead filed a Motion to Stay Case Pending Assignment of New Counsel. (Doc. 45.) The Court granted the filing extension in part because Plaintiff's counsel was seeking client authorization to file an amended complaint, but "[t]he client ha[d] been out of communication." (*See* Doc. 43 at 1.)

Plaintiff's counsel's subsequent Motion to Withdraw suggests a continued breakdown in communication and contractual obligations such that counsel can no longer represent Plaintiff in this case. (*See* Doc. 44 at 1 ("[a]n effective attorney-client relationship no longer exists between the undersigned and counsel and Plaintiff").)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of court." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (internal citations omitted). The Tenth Circuit has laid out five factors for courts to consider in determining whether dismissal in warranted in such cases:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal quotation omitted)).

Here, an analysis of each factor leans in favor of dismissal, but factor four is particularly relevant. The Court explicitly warned Plaintiff in its Order granting an extension that Plaintiff's failure to file a motion to amend by the deadline would demonstrate a lack of desire to pursue the case. (*See* Doc. 43 at 1). Under factor one, dismissal would not prejudice the defendant because Defendant ARborunda, Inc. supports dismissal. (*See* Doc. 46 at 4.) Factors two and three lean in favor of dismissal, as Plaintiff's failure to communicate with the Court and its own counsel has significantly interfered with the judicial process and suggests that Plaintiff is culpable for its failure to comply with the Court's Order. *See Olsen*, 333 F.3d at 1204; (*see also* Docs. 43 at 1;

44 at 1.) These failures evince an attitude of indifference and disrespect for the Court's procedure, which strongly suggests that dismissal is the appropriate sanction under factor five.

Plaintiff was warned of the consequences of failure to file an amended complaint and given an opportunity to file or show cause for delay. (*See* Doc. 43 at 1.) The Court will not reward Plaintiff's failure to communicate with counsel—leading to counsel's withdrawal from the case—with extra time to secure new counsel and a de facto time extension to amend the Complaint. If Plaintiff intends to refile its claim, it must do so with an attorney, as "[a] corporation, partnership or business entity other than a natural person can appear only with an attorney." *See* D.N.M.LR-Civ. 83.4(b).

**THEREFORE,**

**IT IS ORDERED** that this case is **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Raul A. Carillo, Jr. and Steven E. Jones's Motion to Withdraw as Counsel to Plaintiff is **GRANTED**; and Plaintiff's Motion to Stay Case is **DENIED as moot**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**